**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-50582
Summary Calendar
_____


RALPH GIERE,

Plaintiff-Appellant,

VERSUS


CHEVRON U.S.A., INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Texas
(EP-96-CV-462)
_____
May 21, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Giere appeals the district court's grant of summary judgment
to his employer, Chevron U.S.A., Inc., on his Title VII retaliation
claim, his state law retaliation claim, and his state law
intentional infliction of emotional distress claim.  We find no
error and affirm.

On appeal, Giere argues that genuine issues of material fact
exist concerning Chevron's alleged retaliatory conduct.  Assuming
without deciding that Giere established a _prima facie_ case of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retaliation under Title VII, 42 U.S.C. §§ 2000e to 2000e-17,[2] we agree with the district court that Chevron offered legitimate, non-discriminatory reasons that explained both the adverse action and the timing of such action. Swanson v. General Servs. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997). As the district court noted, Giere had a history as a poor performer at Chevron. Chevron documented Giere's poor work performance and each disciplinary action taken against Giere. The summary judgment record supports the district court's conclusion that Chevron offered a reasonable explanation for each disciplinary action.

Giere was therefore required to produce sufficient evidence that would permit a reasonable trier of fact to find that the proffered reason was a pretext for retaliation. Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1122 (5th Cir. 1998). Giere argues that he satisfied this burden by producing the following evidence: (1) the testimony of Eddie Flores, one of Giere's co-workers, and George Espinosa, Giere's union representative, that Giere was being singled out for punishment; and (2) the fact that other employees were caught sleeping on the job but were not terminated.

We agree with the district court that this evidence is insufficient to demonstrate pretext. Flores and Espinosa both

---

[2] Because § 21.055 of the Texas Labor Code is interpreted consistently with Title VII, see Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483 (Tex. 1991), the district court concluded that the propriety of summary judgment applied with equal force to Giere's state law retaliation claims.

admitted that their testimony was not based on personal knowledge of Giere's situation. Specifically, Espinosa did not point to any direct evidence to support his personal opinion that Chevron retaliated against Giere. Both Flores and Espinosa asserted bald opinions that Chevron was retaliating against Giere in response to Giere's participation in a co-worker's EEOC charge. The district court correctly concluded that this testimony was insufficient to prove pretext. See Grizzle v. Travelers Health Network, Inc., 14 F.3d 261, 268 (5th Cir. 1994) (noting that "general avowals of belief" are insufficient to establish pretext).

Additionally, the district court rejected Giere's evidence that Chevron did not discipline other workers who were caught sleeping on company time. While Giere offered some evidence that Chuy Cazares was caught sleeping in the early 1980's and was not fired,[3] Giere did not show that Cazares was in the same position as Giere. At the time Chevron supervisors found Giere sleeping, Giere was on "final warning," which meant that one more incident would result in his termination. Giere offered no evidence that Cazares was in a similar situation. Furthermore, as the district court noted, the Chevron supervisory personnel that were involved in the investigation of Giere's sleeping on the job were not involved in the Cazares incident.

We agree with the district court that this evidence is

---

[3] Giere does not offer direct evidence that Cazares was caught sleeping. Rather, he offers the hearsay testimony of Eddie Flores, who had no personal knowledge of the incident but allegedly heard about the incident from other sources.

3

insufficient to support a jury finding that Chevron's stated reasons for discharging Giere were a pretext for unlawful retaliation. The district court therefore correctly granted summary judgment in favor of Chevron on Giere's retaliation claims. We have considered the other arguments raised in Giere's appeal and find them without merit.

AFFIRMED.